IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**OHIFUEMEH PETER AYEWOH,**

    **Defendants.**

Criminal No. 07-00467 (GAG)

**OPINION AND ORDER**

On November 6, 2007, a grand jury returned an indictment charging Ohifuemeh Peter Ayewoh (hereinafter "Defendant") with two counts. Count One charged Defendant with knowingly executing a scheme to defraud a federally insured financial institution, Banco Popular de Puerto Rico ("BPPR"), in violation of 18 U.S.C. § 1344. The indictment alleged that in March and April of 2006, Defendant defrauded BPPR by executing charges to credit card accounts using the point of sale terminal provided to OIPA, Inc., of which Defendant was owner and authorized signature, without the authorization of the account holders. Count Two sought forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 982 (a)(2). On October 17, 2008, the jury returned a verdict of guilty on both counts.

Presently before the court is Defendant's motion (Docket No. 83) seeking dismissal of the indictment for the Government's failure to prove a jurisdictional prerequisite, as well as an element of the substantive crime; specifically, that the defrauded bank was insured by the Federal Deposit Insurance Corporation ("FDIC") during the time frame alleged in the indictment, as required by 18 U.S.C. § 1344. After reviewing the applicable law, the court **DENIES** the aforementioned motion (Docket No. 83).

**I.    Standard of Review**

Although Defendant presented his motion for acquittal as a motion to dismiss, the applicable standard of review is that of a motion under Fed. R. Crim. P. 29. Defendant's motion is based on a challenge to the sufficiency of the prosecution's evidence to prove a jurisdictional prerequisite, as

well as an element of the substantive crime.  Therefore, the issue raised is not lack of jurisdiction as a matter of law, as would be the case if Defendant alleged that a particular statute excluded Puerto Rico from FDIC coverage, for example.  The FDIC, in effect, does insure banks in Puerto Rico and this is not contested.  What Defendant alleges is that the Government did not present sufficient evidence to prove, beyond a reasonable doubt, that the deposits of the bank were insured by the FDIC at the time that Defendant defrauded the bank.  Where a motion to dismiss the indictment challenges the sufficiency of the evidence, the proper motion should be for judgment of acquittal. United States  v. Ambers, 416 F.2d 942, 943 (5th Cir. 1969); United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases . . ."); United States v. Caceres-Prado, 601 F.Supp. 468 (D.P.R. 1984) (citing Ambers, 416 F.2d at 943); see also United States v. Key, 76 F.3d 350, 353 (11th Cir. 1996) (citing United States v. Schultz, 17 F.3d 723, 725 (5th Cir. 1994) ("Whether the government proved the jurisdictional element is measured as a challenge to the sufficiency of the evidence.").  This court can, and does in this case, disregard the mislabeling of Defendant's motion and treat it as if it had been properly labeled.  Ambers, 416 F.2d at 943.

In evaluating a motion for judgment of acquittal based on a claim that the evidence was insufficient to support the jury's verdict, the court must review the evidence as a whole, together with all reasonable inferences therefrom, in a light most favorable to the government.  United States v. Donnat, 311 F.3d 99, 103 (1st Cir. 2002); United States v. Lara, 181 F.3d 183, 200 (1st Cir. 1999) (citing United States v. Valle, 72 F.3d 210, 216-217 (1st Cir. 1995); United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995)).  Accordingly, "[the court] must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the [court] must choose the inference that best fits the prosecution's theory of guilt."  Olbres, 61 F.3d at 970 (1st Cir. 1995); see also  United States v. Gifford, 17 F.3d 462, 467 (1st Cir. 1994) (if the aggregate evidence justifies a judgment of conviction, "[the court] need not rule out other hypotheses more congenial to a finding of innocence").  The court must affirm Defendant's conviction if it concludes that after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." United States v. Blasini-Lluberas, 169 F.3d 57, 62 (1st Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in the original).

**II.      Discussion**

Defendant argues that the FDIC certificate of insurance issued to BPPR on January 2, 1999, and admitted into evidence without objection, see Testimony of Tanya Pérez, Docket No. 80 at 7, failed to establish that BPPR was federally insured during March and April of 2006, the time frame alleged in the indictment. Defendant avers that no evidence was presented by the prosecution to show that the certificate, which antedates the offense, was active on March and/or April of 2006. In its response in opposition (Docket No. 95), the Government argues that Defendant's contention fails to credit the testimony of records custodian for BPPR, Tanya Pérez (hereinafter "Pérez"), wherein she confirmed that the certificate issued in 1999 was the certificate at BPPR at the time of trial. The defense replies (Docket No. 96) that Pérez's testimony, given in the present tense at trial, does not directly support the inference that BPPR had continued coverage at the time of the offense.

The defense further argues that there is no foundation on the record as to Pérez's knowledge of the FDIC certification procedure, the applicability of the FDIC certificate, or the rules and regulations of the FDIC, for which reason, she could not testify as to the applicability of the FDIC certificate at the time of the offense.

**A.      Proof of Federally-Insured Status**

To prove bank fraud under 18 U.S.C. § 1344, the prosecution must show beyond a reasonable doubt that the defendant (1) engaged in a scheme or artifice to defraud, or made false statements or misrepresentations to obtain money from; (2) a federally insured financial institution; (3) and did so knowingly. United States v. Brandon, 17 F.3d 409, 424 (1st Cir.1994); see also United States v. Kenrick, 221 F.3d 19, 30 (1st Cir. 2000). Proof that the defrauded bank was insured by the FDIC during the time frame alleged in the indictment is also a jurisdictional prerequisite under 18 U.S.C. § 1344. See United States v. Ali, 266 F.3d 1242, 1243 (9th Cir. 2001) (the requirement is jurisdictional under 18 U.S.C. §§ 1344 and 1014); United States v. Key, 76 F.3d 350, 353 (11th Cir. 1996) (citing United States v. Williams, 592 F.2d 1277, 1281-82 (5th Cir. 1979)). Decisions

**Criminal No. 07-00467 (GAG)**          4

analyzing other statutes embodying this same jurisdictional element are directly relevant. United States v. Trice, 823 F.2d 80, 86 (5th Cir. 1987).

Several appellate courts, have addressed the quantum of proof acceptable to prove the federally-insured status of a bank, and have held insufficient proof based solely on a certificate of federal insurance antedating the offense. See United States v. Chapel, 41 F.3d 1338, 1340 (9th Cir. 1994); Trice, 823 F.2d 80, 86 (5th Cir. 1987) (citing United States v. Plattenburg, 657 F.2d 797, 799-800 (5th Cir. 1981)); United States v. Darell, 828 F.2d 644, 648 (10th Cir. 1987) (citing United States v. Shively, 715 F.2d 260, 265 (7th Cir. 1983) and Plattenburg, 657 F.2d at 799-800). However, other holdings of the appellate courts, including the First Circuit, sustain convictions for bank fraud where proof of insured status predating the offense, coupled with proof of insured status *at the time of trial*, permits the inference that coverage had continued uninterrupted through the time of the offense. See, e.g., United States v. Fitzpatrick, 581 F.2d 1221, 1223 (5th Cir. 1978) (a jury can reasonably infer insured status on the date of robbery from certificate of insurance antedating the offense and testimony of comptroller that the institution was insured at time of trial); United States v. Rowan, 518 F.2d 685, 692-93 (6th Cir. 1975), (certificate of insurance predating robbery and statement by bank manager that branch was insured on date of trial found sufficient, even though manager admitted he had no personal knowledge of whether FDIC premiums were paid during time of robbery); Gorman v. United States, 380 F.2d 158 (1st Cir. 1967) (evidence of insured status before the offense and at time of trial, along with testimony that period reports were filed in the interim, permitted inference of insured status at time of offensive conduct). Thus, even in the absence of conclusive evidence that the bank in question was FDIC insured at the time of the offense, the appellate courts have found sufficient a variety of other evidence that allows the jury to reasonably infer the required insured status.[1]

---

[1] Notably, in United States v. Vachon, 869 F.2d 653, 657 (1st Cir. 1989), the evidence consisted entirely of the testimony of the bank's district manager, in the present tense, that the FDIC insured the deposits of the bank at the time of trial and that the bank had FDIC certificates in all of its branches. No additional supporting evidence was presented. Regardless, the First Circuit held that this testimony was sufficient for a reasonable jury to conclude that the FDIC insured the deposits

**Criminal No. 07-00467 (GAG)**                    5

In the case before this court, the prosecution presented as proof of federally insured status a certificate of insurance issued to BPPR by the FDIC in 1999; while the offensive conduct alleged in the indictment occurred between March and April of 2006. Because the certificate predates the offense, if it had been the sole piece of evidence proffered by the prosecution, a finding of insufficiency might proceed. However, the Government also presented as evidence the unobjected testimony of BPPR's record custodian who testified in the present tense at trial that the certificate entered into evidence to prove BPPR's insured status "is" the certificate at BPPR at the time of trial. See Testimony of Tanya Pérez, Docket No. 80 at 6-7. The government can rely on this testimony, "viewed in light of the principle that the subsequent existence of a condition is some evidence of its prior existence, at least when the time span is not too great and there is no suggestion of an intervening circumstance that might call its previous existence into question." United States v. Sliker, 751 F.2d 477, 484 (2nd Cir. 1985) (citing 2 Wigmore, Evidence, § 437(1) at 513-19 (Chadbourn rev. 1979)) (testimony at time of trial that bank is insured is sufficient to support an inference of prior coverage); see also United States v. Knop, 701 F.2d 670, 673 n.2 (7th Cir. 1983) (noting this evidentiary principle and sustaining conviction of crime committed two and a half years before trial on basis of testimony that bank "is" insured by FDIC); United States v. Maner, 611 F.2d 107, 111-12 (5th Cir. 1980) (affirming conviction where only evidence of FDIC insurance was a certificate issued five years before the offense, and oral testimony that a seventeen year old certificate still hung in the vault, with copies posted for public view). Where, as in this case, the evidence includes oral testimony that the bank was insured at the time of trial, the interval between the crime and the trial is not great, and there were no objections raised to the testimony, it is reasonable to conclude that "viewed in context, the jury could draw the inference that the bank was insured at the time of the [offense]," Safely, 408 F.2d at 605; in other words, that the jury could take "is" to mean "is and has been." Sliker, 751 F.2d at 485 (citing Cook.v. United States, 320 F.2d 258, 259 (5th Cir. 1963) and Knop, 701 F.2d at 672-73). Therefore, Pérez's testimony, combined with the certificate

---

in question. Id.; see also United States v. Safley, 408 F.2d 603, 605 (4th Cir. 1969) (unobjected testimony of bank employee that deposits "are" insured by the FDIC was sufficient for the jury to draw reasonable inference of insured status at the time of the robbery).

**Criminal No. 07-00467 (GAG)**                              6

of insurance offered as proof, is sufficient evidence for a rational trier of the facts to reasonably conclude that BPPR was insured at the time of the offense.

Defendant relies on the Ninth Circuit's decisions in United States v. Allen, 88 F.3d 765, 768-69 (9th Cir. 1996) and United States v. Ali, 266 F.3d at 1244, to argue that neither the certificate nor Pérez's testimony are sufficient to establish insured status at the time of the offense because testimony provided solely in the present tense at trial does not directly support an inference of prior coverage. These decisions, however, are not controlling in this case. Moreover, the facts in Allen supported a conclusion of insufficiency because the time span between the testimony given at trial and the date of the offense charged was much greater than in the present case; the testimony took place in 1994, while Allen had made his fraudulent statements in 1988-89. See Allen, 88 F.3d at 769. Also, the oral testimony offered at trial was not complemented by additional evidence of certification by the FDIC, as in the case before this court. Here, there was evidence of insurance both before and after the charged conduct. In Ali, the Ninth Circuit held as insufficient a certificate of insurance that was issued more than a decade before the offense and the oral testimony of one of the bank's loan officers that the bank was insured by the FDIC at the time of trial, presented "well over two years after the time of the alleged offense." Ali, 266 F.3d at 1244. Here, the certificate of insurance only predates the offense by seven years, while Pérez's testimony was presented on October 6, 2008, barely two years after the time of the alleged offense.

Defendant's narrow interpretation of Pérez's testimony fails to consider the evidence in a light most favorable to the government, which is the standard of review applicable to the issue presently before this court. Furthermore, as established in Cook v. United States, 320 F.2d at 259-60, while the principle permitting inference of a prior from a subsequent condition "is to be used with caution," its application is appropriate in a case such as this in light of "the common knowledge of the nearly universal prevalence of the banks of the United States having their deposits insured by the Federal Deposit Insurance Corporation . . ." See also, 12 U.S.C. § 1814 (b) (requiring that national banks be federally insured); Maner, 611 F.2d at 110 (applying universal presumption employed in Cook that all banks are federally insured); United States v. Phillips, 427 F.2d 1035,

**Criminal No. 07-00467 (GAG)**     7

1037 (9th Cir. 1970) (taking judicial notice of fact of FDIC insured status).

### B. Witness' Personal Knowledge

Federal Rule of Evidence 602 provides that a witness may testify only as to those matters on which he or she has personal knowledge. It further provides that evidence to prove personal knowledge may consist of the witness' own testimony. Evidence is inadmissible under Rule 602 "only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testified to." Neal, 36 F.3d at 1206 (quoting Hallquist v. Local 276, Plumbers & Pipefitters Union, 843 F.2d 18, 24 (1st Cir. 1988)).

Defendant argues that there is no foundation on the record as to Pérez's knowledge of FDIC insurance requirements, so that she could not have testified at trial as to the applicability of the FDIC insurance certificate. However, Pérez's own testimony demonstrates the contrary. Pérez testified that she worked at BPPR for twelve years and held the positions of teller at the central vault, administrative assistant, and was presently an administrative officer in the legal requirements department of BPPR. See Testimony of Tanya Pérez, Docket No. 80 at 5. She also testified as to her current responsibilities, stating that they were "to deliver documents and information related to legal requests presented by federal and state agencies." Id. Moreover, she was asked whether or not she was familiar with BPPR's record-keeping practices, to which question she answered in the affirmative and gave a short explanation. Id. at 5-6. When she was asked whether or not she recognized the insurance certificate handed to her, Pérez was able to identify the document because her initials were on the back. Id. at 6-7. Counsel for Defendant did not object to Pérez's testimony about insured status by challenging the basis of her purported knowledge, nor did they present countervailing evidence on this point.

"The extent of a witness' knowledge of matters about which he offers to testify goes to the weight rather than the admissibility of the testimony." Hallquist, 843 F.2d at 24 (quoting Nielson v. Armstrong Rubber Co., 570 F.2d 272, 277 (8th Cir. 1978)). What is more, once testimony is received into evidence generally, without objection or limitation, the jury is entitled to draw all reasonable inferences from it. United States v. Castro-Lara, 970 F.2d 976, 981 (1st Cir. 1992). Given the extent of her testimony, and no indication to the contrary, the jury was reasonable in

**Criminal No. 07-00467 (GAG)**          8

concluding that Pérez was competent to testify as to the applicability of the certificate of insurance.

**III.     Conclusion**

For the forgoing reasons, the court holds that the evidence, viewed in the light most favorable to the Government, could have persuaded a rational trier of fact beyond a reasonable doubt that BPPR was FDIC-insured at the time of the offense. Therefore, defendant's motion to dismiss (Docket No. 83), properly considered here as a motion for judgment of acquittal, is **DENIED** and the conviction affirmed.

**SO ORDERED.**

In San Juan, Puerto Rico this 20th day of November 2008.


*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge