IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

　Plaintiff,

　v.

**OHIFUEMEH PETER AYEWOH,**

　Defendants.

Criminal No. 07-00467 (GAG)

**OPINION AND ORDER**

　Presently before the court is Defendant's motion for judgment of acquittal (Docket No. 104). For the reasons set forth below, the court **DENIES** Defendant's motion.

**I.    Factual and Procedural Background**

　On November 6, 2007, a grand jury returned an indictment charging Ohifuemeh Peter Ayewoh (hereinafter "Defendant") with two counts. Count One charged Defendant with knowingly executing a scheme to defraud a federally insured financial institution, Banco Popular de Puerto Rico ("BPPR"), in violation of 18 U.S.C. § 1344. The indictment alleged that in March and April of 2006 Defendant defrauded BPPR by executing charges to credit card accounts using the point of sale terminal provided to OIPA, Inc., of which Defendant was owner and authorized signature, without the authorization of the account holders. Count Two sought forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 982 (a)(2). On October 17, 2008, the jury returned a verdict of guilty as to Count One and a verdict of forfeiture as to Count Two. Subsequently, Defendant filed a motion to dismiss the indictment for the Government's failure to prove a jurisdictional prerequisite, as well as an element of the substantive crime; specifically, that the defrauded bank was insured by the Federal Deposit Insurance Corporation ("FDIC") during the time frame alleged in the indictment, as required by 18 U.S.C. § 1344. See Docket No. 83. On November 20, 2008, this court denied said motion. See Docket No. 103; United States v. Ayewoh, --- F. Supp.2d ----, 2008 WL 4967989 (D.P.R. 2008). Five days later, Defendant filed a motion for judgment of acquittal under Rule 29, which was timely

**Criminal No. 07-00467 (GAG)**                    2

opposed by the Government. See Docket Nos. 104 and 116.

**II.    Standard of Review**

In reviewing a post-verdict motion for judgment of acquittal, the court must review the evidence as a whole, together with all reasonable inferences therefrom, in a light most favorable to the government. United States v. Donnat, 311 F.3d 99, 103 (1st Cir. 2002); United States v. Lara, 181 F.3d 183, 200 (1st Cir. 1999) (citing United States v. Valle, 72 F.3d 210, 216-17 (1st Cir. 1995); United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995)). Accordingly, "[the court] must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the [court] must choose the inference that best fits the prosecution's theory of guilt." Olbres, 61 F.3d at 970 (1st Cir. 1995). If the aggregate evidence justifies a judgment of conviction, "[the court] need not rule out other hypotheses more congenial to a finding of innocence." United States v. Gifford, 17 F.3d 462, 467 (1st Cir. 1994). The court must affirm Defendant's conviction if it concludes that after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Blasini-Lluberas, 169 F.3d 57, 62 (1st Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

**III.   Discussion**

**A.    Sufficiency of the Indictment**

Defendant contends that the indictment in this case is insufficient because it failed to state the materially false statements or misrepresentations that he purportedly uttered or declared to BPPR in order to fraudulently obtain monies under its custody or control, as required by 18 U.S.C. § 1344. In its response in opposition (Docket No. 116), the Government argues that, inasmuch as Defendant's arguments are directed at the insufficiency of the indictment, they should have been raised before the commencement of trial. The Government avers, therefore, that such arguments were waived by Defendant.

Indeed, Federal Rule of Criminal Procedure 12(b)(3)(B) requires that a claim that an indictment has a "defect," such as being insufficiently specific, be raised prior to trial. Fed. R. Crim. P. 12(b)(3)(B); United States v. Pimentel, 539 F.3d 26, 31 (1st Cir. 2008). If the claimed


**Criminal No. 07-00467 (GAG)**  3

defect is not jurisdictional, the defendant's failure to raise the Rule 12(b)(3) claim constitutes a waiver from which this court can grant relief only for good cause. See Fed.R.Crim.P. 12(e); United States v. Mack, 892 F.2d 134, 136 (1st Cir.1989). Defendant has offered no explanation for failing to comply with Rule 12; he has plainly not shown cause for relief from the consequences of non-compliance. Accordingly, there is no need for the court to further consider Defendant's challenge to the indictment.

### B. Sufficiency of the Evidence

To prove bank fraud under 18 U.S.C. § 1344, the prosecution must show beyond a reasonable doubt that the defendant (1) engaged in a scheme or artifice to defraud, or made false statements or misrepresentations to obtain money from (2) a federally insured financial institution (3) and did so knowingly. United States v. Brandon, 17 F.3d 409, 424 (1st Cir.1994); see also United States v. Kenrick, 221 F.3d 19, 30 (1st Cir. 2000). A scheme or artifice to defraud is "any plan, pattern or course of action, including false and fraudulent pretenses and misrepresentations intended to deceive others in order to obtain something of value." United States v. Benjamin, 252 F.3d 1, 5-6 (1st Cir. 2001) (citing United States v. Blasini-Lluberas, 169 F.3d 57, 65 (1st Cir.1999) (quotations omitted)). The prosecution must prove that the scheme involved a material falsehood, and that the defendant had an intent to defraud the bank. Benjamin, 252 F.3d at 6 (citing Needer v. United States, 527 U.S. 1, 25 (1999)); see also Kenrick, 221 F.3d at 30.

Defendant argues that, in order to prove bank fraud, the government had to show that the defendant victimized BPPR, that is, that he intended to cause harm or loss to the bank and that the banking institution was the target of the deception rather than an "unwitting instrumentality" in a fraud perpetuated to a third party. United States v. Thomas, 315 F.3d 190, 199-201 (3rd Cir. 2002). Assuming that the allegations of bank fraud are true, Defendant avers that the undisputed facts show that the target of the scheme was not BPPR but instead the credit card holders, credit card companies, and/or foreign banks involved in the transactions. Defendant did not deliberately target his scheme at BPPR, therefore, he did not have the *mens rea* required for a conviction for bank fraud.

**Criminal No. 07-00467 (GAG)**               4

Defendant's argument ignores case law in the First Circuit which clearly establishes that the "intent to defraud" requirement under 18 U.S.C. § 1344 does not include the specific "intent to harm." Kenrick, 221 F.3d at 29. The First Circuit has defined "intent to defraud" as "an intent to deceive the bank in order to obtain from it money or other property." Id. at 29. "[T]he bank need not be the immediate victim of the fraudulent scheme and need not have suffered actual loss so long as the requisite intent is established and the bank was exposed to a risk of loss." United States v. Moran, 312 F.3d 480, 489 (1st Cir. 2002); see also United States v. Brandon, 17 F.3d 409, 426 (1st Cir. 1994) (holding that "it is also unnecessary for the government to prove that a defendant knows which particular bank will be victimized by his fraud as long as it is established that a defendant knows that *a* financial institution will be defrauded"). This interpretation is broader than that proposed by Defendant. As argued by the Government, even if the banks that issued the credit cards were the sole intended targets of the scheme employed by Defendant, and not BPPR, the fact that BPPR was at risk of suffering a loss due to this scheme is sufficient to establish a claim of bank fraud. See Moran, 312 F. 3d at 489; Brandon, 17 F.3d at 426. Furthermore, the evidence presented at trial established that the Defendant falsely represented to BPPR that he would be using his commercial account for lawful business activity. Each time Defendant executed an unauthorized transaction from a point of sale terminal provided by BPPR, he misrepresented to BPPR that the transaction was authorized or submitted in good faith in the ordinary course of business. Therefore, the court holds that the jury acted reasonably in concluding that Defendant knowingly executed a scheme to defraud BPPR.

**IV. Conclusion**

For the forgoing reasons, defendant's motion for judgment of acquittal (Docket No. 104) is **DENIED** and the conviction affirmed.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of January, 2009.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge